UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

AT&T Corp.,
a New York corporation,

    Plaintiff,                                   CASE NO.:

v.

UNION TELEPHONE
COMPANY,
a Wyoming corporation,

    Defendant.

**COMPLAINT**

Plaintiff, AT&T Corp, ("Plaintiff" or "AT&T"), by and through undersigned counsel, files this Complaint against Defendant Union Telephone Company (hereinafter"Defendant" or "Union"), for violation the Communications Act of 1934, specifically Sections 201(b) and 203 of the Act, and seeks declaratory, injunctive, and monetary relief from Defendantas follows:

**NATURE OF THE ACTION**

1.    This action involves Union's pervasive practice of overcharging and incorrectly billing AT&T for telecommunications-related services that were not supported by the publicly- filed interstate tariff that governs the parties' relationship.

2.    AT&T is a national provider of interexchange and local telecommunications services that provides wireless services to millions of subscribers throughout the United States.

3.    Union is also a provider of telecommunication services that operates in

Colorado, Wyoming and Utah.

4. Union abused its relationship with AT&T by systematically overcharging and incorrectly billing AT&T for telecommunications-related services in amounts that are inconsistent with the tariff and, thus, is in violation of the Communications Act of 1934, specifically Sections 201 and 203 of the Act.

5. AT&T requests that the Court: (a) declare that Union is in violation of the Union Telephone Company Tariff F.C.C. No. 2, Access Service (the "Tariff"), as well as 47 U.S.C. §§ 201, 203, and 206; (b) enjoin Defendant from further violations; and (c) order Defendant to compensate AT&T for its damages, including the amounts AT&T paid for the improperly billed telecommunications-related charges.

### PARTIES, JURISDICTION, AND VENUE

6. AT&T is a New York corporation with a principal place of business at 208 Akard St., Dallas, TX 75202.

7. AT&T states, upon information and belief, that Union is a domestic registered corporation with its place of business registered at 850 Highway 414, Mountain View, Wyoming.

8. This is a civil action, arising under the laws of the United States, including Sections 201, 203, and 206 of the Communications Act, 47 U.S.C. §§ 151 et seq.

9. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 2201, and 47 U.S.C. § 207.

10. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2), because Defendant transacts business in this district, and/or because a substantial part of the events or

3 | P a g e

omissions giving rise to AT&T's claims occurred in this judicial district.

## GENERAL ALLEGATIONS

11. The Communications Act of 1934 (as amended) requires common carriers, such as Union, to file tariffs with the Federal Communications Commission ("FCC") setting forth the rates, terms, and conditions for their regulated interstate telecommunications services.

12. Section 203 of the Communications Act prohibits carriers from offering their services at any rate or term that differs from the tariff filed with the FCC. 47 USC § 203 (c).

13. Courts developed and the Supreme Court reaffirmed the "filed rate doctrine", which binds carriers and customers to the rates and tariffs filed pursuant to Section 203.

14. The Tariff contains the regulations, rates, and charges applying to the provision of access services within a local access and transport area or equivalent market area for connection to interstate communications facilities for interstate customers within the operating territories of issuing carriers. The Tariff became effective September 7, 1994 and applies to Union. As such, the rates, terms, and conditions set forth in the Tariff bind Union.

15. The Tariff specifically does not contain a Tandem Switch charge that would apply to Tandem Transport.

16. Union provides access services to AT&T, which are governed by the Tariff.

17. AT&T has access service provided by Union in multiple locations in Wyoming, Utah and Colorado.

18. Since June 2014, AT&T has submitted numerous disputes related to Union's improper billing practices related to its access services.

19. As explained in the disputes, Union engaged in various erroneous billing

practices in violation of the Tariff, which also violates Sections 201(b) and 203 of the Communications Act. These erroneous billing practices include, but are not limited to, the following:

    a. Charging AT&T Tandem Transport rate where there is no Interoffice Transport;

    b. Failing to timely provide AT&T with the requested documentation necessary to resolve the billing dispute; and

    c. Refusing to credit AT&T for the tandem transport charges and other incorrect charges, which were not supported by the Tariff.

20. Union Telephone FCC #2 Section 6.2(A)(1)(c)(2) states that the Tandem Transport rate recovers for the portion of the costs between the end points of interoffice circuits. An Interoffice Facility is not present in the locations specifically disputed; therefore the Tandem Transport rate element is not valid.

21. AT&T timely fulfilled all of its obligations with respect to the services at issue and submission of its disputes to Union related to the Tariff.

**FIRST CAUSE OF ACTION**
**(Violation of the Tariff and 47 U.S.C. §§203 and 206)**

22. AT&T repeats and re-alleges by reference Paragraphs 1 through 21 of the Complaint as if fully set forth herein.

23. Section 203(a) of 47 U.S.C. states that "[e]very common carrier… shall… file with the Commission…schedules showing all charges for itself and its connecting carriers for interstate and foreign wire or radio communication between the different points on its own system, and between points on its own system and points on the system of its connecting

carriers or points on the system of any other carrier subject to this chapter when a through route has been established...and showing the classifications, practices, and regulations affecting such charges."

24. Section 203(c) of 47 U.S.C. states that "no carrier shall (1) charge, demand, collect, or receive a greater or less or different compensation for such communication, or for any service in connection therewith, between the points named in any such schedule than the charges specified in the schedule then in effect, or (2) refund or remit by any means or device any portion of the charges so specified, or (3) extend to any person any privileges or facilities in such communication, or employ or enforce any classifications, regulations, or practices affecting such charges, except as specified in such schedule."

25. Union has violated its obligation under the Act to charge for service in accordance with the Tariff.

26. Union charged AT&T and received greater compensation than allowed under the Tariff and Section 203(c) by erroneously billing AT&T for services, including but not limited to:

    a. Charging AT&T tandem transport charges, which were not supported by or included in the Tariff;

27. Union failed to remit credits in amounts compensating AT&T for the erroneously billed services.

28. Union also employed unjust and unreasonable practices that affected the proper charges under the tariff in violation of Section 203(c), including failing to timely provide AT&T with the necessary documentation to resolve the billing dispute.

29. For the foregoing reasons, Union has (1) received compensation for tariffed services greater than the charges specified in the Tariff; (2) employed practices affecting charges in ways not specified in the Tariff; and (3) billed charges and failed to credit amounts pursuant to the Tariff in violation of Section 203(c).

30. As a direct and proximate result of Union's violations of the Act, AT&T has been improperly overcharged and has failed to receive credits due, and is thus entitled to compensation for all amounts for which it failed to receive proper credits, plus interest and attorney's fees pursuant to 47 U.S.C. § 206.

## SECOND CAUSE OF ACTION
### (Unjust and Unreasonable Practices Involving Tariff FCC No. 1 Access Service, 47 U.S.C. §§201(b) and 206)

31. AT&T repeats and re-alleges by reference Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Under Section 201(b) of the Act, "[a]ll charges, practices, classifications, and regulations for and in connection with [an interstate or foreign] communication service, shall be just and reasonable, and any such charge, practice, classification, or regulation that is unjust or unreasonable is hereby declared to be unlawful …[.]"

33. Numerous rules and FCC decisions recognize that it is an unjust and unreasonable practice for a telecommunications carrier to bill for services in a manner that is contrary to the requirements contained in the carrier's filed interstate tariffs.

34. Union's failure to issue credits due to AT&T for the use of the access services violates the Tariff, and is unjust and unreasonable in the following ways:

    a. Union unjustly and unreasonably received compensation greater than

        that allowed under the Tariff - in violation of Section 203(c) as noted above, and consequently, a violation of Section 201(b) of the Act.

    b. Union's erroneous billing and credit practices are unjust and unreasonable practices in violation of Section 201(b) irrespective of the Section 203(c) violation because Union is obligated to correctly bill for services provided and is obligated to give credits as indicated under the applicable tariffs, neither of which it did.

    c. Union unjustly and unreasonably failed to consider AT&T's disputes and failed to correct known errors despite receiving timely notice of such disputes.

35. For the foregoing reasons, Union's practices and charges are unjust and unreasonable in violation of Section 201(b) of the Act.

36. As a direct and proximate result of Union's violations of the Act, AT&T has been unjustly and unreasonably denied credits due, and is thus entitled to compensation for all amounts for which it failed to receive proper credits, plus interest and attorney's fees pursuant to 47 U.S.C. § 206.

## THIRD CAUSE OF ACTION
### (Breach of Contract, the Tariff)

37. AT&T repeats and re-alleges by reference Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. The Tariff constitutes a contract between Union and any purchaser of services from that tariff, which includes AT&T.

39. Union has erroneously billed for services under the Tariff including:

   a. Refusing to credit AT&T for the erroneously billed services; and,

   b. Erroneously charging AT&T for tandem transport charges, which were not supported by or included in the Tariff;

40. Union was, and is, in breach of the Tariff by billing AT&T for the foregoing services.

41. As a direct and proximate result of Union's conduct as alleged above, AT&T has been damaged in an amount to be determined, and is thus entitled to compensation for all amounts for which it failed to receive proper credits, plus interest.

## FOURTH CAUSE OF ACTION
### (Injunctive Relief)

42. AT&T repeats and re-alleges by reference Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43. In conjunction with its claims that Union breached the Tariff in violation of 47 U.S.C. §§201 and 203, AT&T seeks to enjoin Union from continuing to violate these laws.

44. Absent injunctive relief, AT&T will be irreparably harmed.

45. Both the public and private equities, when weighed, favor the imposition of an injunction preventing Union from improperly billing for telecommunication services in violation of federal law. An injunction would prevent the continued misconduct of Union and would generally deter this misconduct in the industry.

WHEREFORE AT&T prays for a judgment as follows:

(1) Declare that Union has breached its tariff in violation of the Federal Communication Act, 47 U.S.C. §§ 203(a) and (c);

9 | P a g e

(2) Declare that Union has engaged in unjust and unreasonable practices in violation of the Federal Communication Act, 47 U.S.C. § 201(b);

(3) Declare that Union is obligated to refund AT&T the overcharged and incorrectly charged amounts as set forth above;

(4) Award AT&T all appropriate damages and interest, including pre-judgment and post-judgment interest, and attorney's fees;

(5) Award AT&T its attorney's fees pursuant to the Federal Communication Act, 47 U.S.C. § 206;

(6) Order injunctive relief enjoining Union from continuing to engage in the misconduct complained of; and

(7) Award such other and further relief as the Court may deem just and equitable under the circumstances.

Dated: February 23, 2021.

        Respectfully submitted:

        *s/Paul R. Franke, III*
        Paul R. Franke, III
        CO Bar No. 12275

        Moye White, LLP
        Paul.Franke@moyewhite.com
        1400 16th Street
        Denver, CO 80202
        Telephone: (303)292-7945
        Facsimile: (303) 292-4510

        **ATTORNEYS FOR PLAINTIFF AT&T CORP.**